UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VIRGIL GRIFFIN,<br><br>           Plaintiff,<br><br>        v.<br><br>DENNIS REAGLE,<br>JIM BOLDMAN,<br>MICHAEL PHLEEGER,<br>N'YEA YEA,<br>KOENIG,<br>KEEBLER,<br>GOODKNIGHT,<br><br>           Defendants.<br><br>RON NEAL,<br><br>           Interested Party. | No. 1:22-cv-00308-TWP-TAB |

**Order Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Virgil Griffin ("Griffin") is a prisoner currently incarcerated at Indiana State Prison. He was previously incarcerated at Pendleton Correctional Facility ("Pendleton"). Griffin filed this civil action alleging Defendants subjected him to unlawful conditions of confinement. Because the plaintiff is a "prisoner," this Court has an obligation to screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Griffin has sued eight Defendants: Dennis Reagle, Jim Boldman, Michael Phleeger, N'yea Yea, Officer Koenig, Officer Keebler, Officer Goodknight, and Christina Conyers. He makes the following allegations in his Amended Complaint:

In 2021, Griffin was housed in restrictive housing at Pendleton. Starting in September 2021, Warden Reagle and Pendleton officials implemented a new policy restricting an inmate's possessions: all fans and hot pots were confiscated, only essential hygiene items were allowed to be purchased, clothing was limited to one pair of underwear, socks, and a t-shirt, and bedding was restricted to one thin linen blanket.

Griffin was subjected to extremely cold temperatures during the 2021 winter. The conditions were "unbearable" and his extremities, including his toes and feet, froze to the point of numbness. These cold conditions prevented Griffin from sleeping and caused him physical and emotional pain. This lasted through the winter months. Warden Reagle created the policy, and all of the officer defendants either implemented it or enforced it. Griffin filed a grievance, and

Christina Conyers ignored the grievance for two weeks and then rejected it on unreasonable grounds, prolonging his injuries. Griffin seeks money damages and injunctive relief.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the amended complaint certain claims are dismissed while other claims shall proceed as submitted.

First, any claims for declaratory relief and injunctive relief are moot because Griffin no longer is housed at Pendleton. *See Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (claims for injunctive relief and declaratory relief are moot once an inmate is transferred out of the facility); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.") (internal quotations and citations omitted). These claims are therefore **dismissed**.

Second, Griffin has stated an Eighth Amendment conditions of confinement claim for damages against all defendants. He alleges he was subject to extremely cold temperatures for months, Pendleton officials enforced a policy limiting inmates' articles of clothing causing his extremities to go numb, and all the Defendants were deliberately indifferent to his cell conditions. This is enough to plausibly state a conditions of confinement claim against all Defendants. *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) ("[T]he law of this circuit [is] an allegation of inadequate heating may state an eighth amendment violation."); *but see Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009) (affirming grant of summary judgment on conditions of confinement claim where Plaintiff's evidence showed he was not issued certain pieces of clothing and he suffered from hurt ears, numb hands, and frostbite). Griffin's claims against Defendants **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the amended complaint, but not identified by the Court, he shall have **through November 25, 2022,** in which to identify those claims. Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed to add** "Christina Conyers" as a defendant on the docket.

### IV. Service of Process

The **clerk is also directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dennis Reagle, Jim Boldman, Michael Phleeger, N'yea Yea, Officer Koenig, Officer Keebler, Officer Goodknight, and Christina Conyers, in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed, dkt [10], filed on April 15, 2022, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 10/27/2022

                                      Hon. Tanya Walton Pratt, Chief Judge
                                      United States District Court
                                      Southern District of Indiana

Distribution:

Electronic service to Indiana Department of Correction:
    Dennis Reagle
    Jim Boldman
    Michael Phleeger
    N'yea Yea
    Officer Koenig
    Officer Keebler
    Officer Goodknight
    Christina Conyers

    (All at Pendleton Correctional Facility)


VIRGIL GRIFFIN
998996
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com